# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　　vs.<br><br>HECTOR ADOLFO ACEVEDO ALZATE,<br><br>　　　　　　　Defendant. | CASE NO. 17-CR-2896-LAB-1<br><br>**ORDER DENYING MOTION TO COMPEL [Dkt. 56]** |

In 2019, Defendant Hector Adolfo Acevedo Alzate ("Alzate"), a Colombian national, pled guilty to international conspiracy to distribute controlled substances, in violation of 21 U.S.C. §§ 959, 960, and 963. (Dkt. 34). According to the Pre-Sentence Report ("PSR"), Alzate participated in a conspiracy to traffic large quantities of cocaine from South and Central America to the United States. (Dkt. 39 ¶¶ 4–8). The PSR notes that he not only "was responsible for manufacturing narcotics, [but he also] facilitat[ed] and coordinat[ed] the logistics of narcotics globally with several co-conspirators." (*Id.* ¶ 9). Alzate was sentenced to 78 months' imprisonment, followed by five years of supervised release. (Dkt. 54). He is currently incarcerated at FCI Victorville Medium I and is scheduled to be released from prison on November 14, 2023.

On September 24, 2021, the Court received Alzate's Motion to Compel the Government to File Motion for Reduction of Sentence Pursuant to Rule 35(b) ("Motion"). (Dkt. 56). He alleges that he was encouraged to plead guilty and testify against his co-defendants who, at the time, were considering going to trial, and in return, the Government would "ask the sentencing Court to reduce his sentence [by] one-third." (Dkt. 56 ¶¶ 1–5). Alzate contends that the Government failed to raise this request to the Court at the sentencing hearing, and that the Government has not filed a motion requesting as much to date. (*Id*. ¶¶ 9–11). On that basis, he now moves the Court to compel the Government to file a Rule 35 motion consistent with its prior alleged commitment.

## I.   LEGAL STANDARD

A district court "may modify an imposed term of imprisonment to the extent . . . expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." 18 U.S.C. § 3582(c)(1)(B). Rule 35(b)(1) of the Federal Rules of Criminal Procedure provides that, "[u]pon the government's motion made within one year of sentencing, the court may reduce a sentence if the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person." Fed. R. Crim. P. 35(b)(1). Rule 35(b)(2) states that, "[u]pon the government's motion made more than one year after sentencing, the court may reduce a sentence if the defendant's substantial assistance involved" certain qualifying criteria. Fed. R. Crim. P. 35(b)(2). Thus, "Rule 35(b) permits a post-sentence reduction *if* the Government so moves and *if* there is substantial assistance." *United States v. Tadio,* 663 F.3d 1042, 1052 (9th Cir. 2011) (citation omitted) (emphasis in original).

## II.   DISCUSSION

In this case, all of the assistance described by Alzate occurred *before* he was sentenced in January 2020. However, Rule 35(b) only permits courts,

upon a motion from the government, to reduce a defendant's sentence based on substantial assistance provided *after* sentencing. *See United States v. Quach*, 302 F.3d 1096, 1102 (9th Cir. 2002) (citing *United States v. Drown*, 942 F.2d 55, 59 (1st Cir. 1991) ("Rule 35(b), on the other hand, was designed to recognize and reward *subsequent* cooperation. The rule speaks expressly to 'subsequent' assistance, a reference which, in context, can only mean assistance rendered after the defendant has been sentenced.")); *United States v. Arnett*, No. 1:95-CR-005287-LJO, 2016 WL 3743108, at *9 (E.D. Cal. July 12, 2016) ("The Court concludes that it is fatal to Petitioner's motion that, even accepting Petitioner's facts as true that he held sway over another defendant's decision to cooperate with the government, there is no evidence to indicate that he provided post-sentencing 'information,' as Rule 35(b)(2) requires."). But Alzate's Motion doesn't suggest that he provided any sort of assistance or information following his sentencing. As a result, there is no basis for the Government to move under Rule 35(b), nor is there any basis for the Court to compel the Government to do so. Indeed, the Government states in its Opposition that it has chosen not to recommend an additional reduction of sentence as he has not provided any further assistance since his sentencing. (Dkt. 61 at 4).

      Notwithstanding this, Alzate makes generalized allegations that he's entitled to a compelled motion because the Government acted in bad faith and its actions were arbitrary when it chose to "misrepresent its intentions []or renege [*sic*] on representation reasonably relied and acted upon by Alzate and his counsel" that it would move the Court for a one-third sentencing reduction. (Dkt. 56 at 4). But the Court is not persuaded. First, Alzate doesn't point to— nor can the Court discern—any part of the record that suggests the Government promised to bring a Rule 35(b) motion. And as explained previously, Alzate wouldn't be eligible for such relief even if the Government

made such a motion. Second, the Government did, in fact, follow through on its agreement with Alzate (even though it had the discretion not to). *See United States v. Leonti*, 326 F.3d 1111, 1119 (9th Cir. 2003) (recognizing that "a downward departure for substantial assistance is never guaranteed, as the government may rightfully decline to file a substantial assistance motion for any reason"). Prior to Alzate's sentencing, the Government recommended a downward departure for substantial assistance under U.S.S.G. § 5K1.1. (Dkt. 42). Of course, this was made in addition to its recommendations for a fast-track departure under U.S.S.G. § 5K2.0, an adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1(b), and a safety valve adjustment under U.S.S.G. § 2D1.1(b)(17). (*See* Dkt. 40 at 1). The Court accepted the Government's recommendation and granted its motion to depart one level from the presumptive Sentencing Guideline range. (Dkt. 41). Alzate's suggestion that this was perhaps not enough because the agreement was specifically for a one-third sentence reduction is entirely unsupported by the record, as neither the plea agreement (and the addendum to the agreement), the sentencing memoranda, nor any other portion of the record reflects this suggestion. (*See* Dkt. 29, 34).

     Alzate has failed to make the requisite "substantial threshold showing" that the Government acted arbitrarily or with improper motive. *See United States v. Treleaven*, 35 F.3d 458, 461 (9th Cir. 1994) ("This showing must include more than . . . 'generalized allegations of improper motive.' Rather, it must involve some specific allegations such as evidence 'that the Government refused to file a motion for suspect reasons such as his race or his religion,' or that 'the prosecutor's refusal to move was not rationally related to any legitimate Government end.'"). The record before the Court suggests that the Government complied with its end of the agreement, and that the sentence imposed was justified in light of the severity of Alzate's crimes. His extensive

drug trafficking ventures based in Colombia and Guatemala resulted in the transportation of several thousand kilograms of cocaine into Mexico and the United States. His sentence reflects not only the seriousness of his offenses, but also the need to promote respect for the law, provide just punishment, afford adequate deterrence to criminal conduct, and protect the public. 18 U.S.C. § 3553(a)(2)(A)–(C). Sweeping allegations of the Government's misconduct, unsupported by any specific allegations or evidence, are not enough to persuade the Court that the Government acted inappropriately or that the sentence imposed was unjustified.

Alzate's Motion is, therefore, **DENIED**.

### III. CONCLUSION

The Court **DENIES** Alzate's motion to compel the Government to move under Rule 35(b).

**IT IS SO ORDERED**.

Dated: August 8, 2022

*Larry A. Burns*

**HON. LARRY ALAN BURNS**
United States District Judge